# Lemont *v.* Meindle, Appellant.

*Evidence—Stubs of checks—Contract.*

In an action for goods sold, where the defendant claims that the goods were sold to a corporation and not to himself, he cannot establish such claim as a fact by merely offering in evidence stubs of the check book of the corporation showing payments to the plaintiff.

Even if the checks had been received by the plaintiff, such payment did not estop the plaintiff from showing that the contract was in fact made with the defendant, and not with the corporation.

*Appeals—Assignments of error.*

On appeal from a judgment on a case tried by the court without a jury, an assignment of error is not self-supporting which simply states: "the learned court below erred in entering final judgment against defendant on the verdict in favor of the plaintiff."

536, (1918).] Statement of Facts—Assignment of Errors.

Argued Nov. 15, 1917. Appeal, No. 205, Oct. T., 1917, by defendant, from judgment of Municipal Court, Philadelphia Co., Jan. T., 1917, No. 537, on case tried by the court without a jury in suit of Fred L. Lemont v. Anton Meindle. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for goods sold and delivered. Before BONNIWELL, J.

The opinion of the Superior Court states the case.

*Errors assigned* were in the following form:

1. The learned trial judge erred in finding for the plaintiff.

2. The learned trial judge erred in refusing to allow defendant to prove by the testimony of the treasurer of the Joseph J. Maenner Company that the check stubs of said Joseph J. Maenner Company would show that the claim sued for was properly against the Joseph J. Maenner Company and not against the defendant (Appendix, pp. 19a-20a-21a).

Amended to quote the bill of exceptions.

3. The learned court below erred in entering final judgment against the defendant on the verdict in favor of the plaintiff.

4. The learned trial judge erred in sustaining the objection of the plaintiff to the question of the defendant put to the witness, Walter Allen Heyburn, as follows:

"Question. Do you know of your own knowledge that the checks were drawn to the order of the Lemont Company in payment of bills? (Objected to as immaterial. Objection sustained. Exception noted for defendant by direction of the court.)" (Appendix, p. 21a.)

*Jacob Weinstein,* with him *James M. Dohan* and *M. F. Donoghue,* for appellants.

*C. W. Conrad,* of *Conrad, Middleton & Orr,* for appellee.

OPINION BY HEAD, J., July 10, 1918:

There were originally filed in this court four assignments of error. The first one was withdrawn. The third is in nowise self-sustaining and could support no judgment of reversal. The second, after being amended by leave of the court, raises practically the same question as the fourth to which we will briefly advert. The action was on a book account for goods sold and delivered. It was tried before a judge without a jury. The important question of fact was whether or not the plaintiff had sold his goods to the defendant or to some company or corporation in which the latter was interested. The finding of the trial judge is clear and certainly supported by evidence.

The defendant undertook to offer in evidence a number of stubs of the check book of the company or corporation in order to show that certain payments, for which credit had been allowed by the plaintiff, were made by the company rather than by the defendant himself. In no aspect of the case could the check stubs be admitted as substantive evidence. Whatever they may have contained were purely ex parte declarations of which the plaintiff had no knowledge and by which he could in no way be bound. The checks themselves which had actually passed to the plaintiff and which had been, presumably at least, endorsed and used by him, might have been competent evidence if the mere fact the company had made the payments was a relevant one. There was no sufficient evidence that the checks themselves were inaccessible or had been destroyed, and consequently no sufficient foundation was shown for the admission of evidence of the contents of those checks. Such proof, however, was not the subject of the offer by the defendant. In any event, the fact the defendant saw fit to make payment through the instrumentality of a company or cor-

poration in which he was interested, in no way tended to establish that the plaintiff's contract was not with him. The receipt by the plaintiff of payment through any medium the defendant chose to offer did not estop the former from proving his contract was with the defendant and that he was legally liable to pay. The assignments of error are overruled.

Judgment affirmed.